# OHIO & MISSISSIPPI RAILWAY COMPANY
## v.
## THE TOWN OF BRIDGEPORT.

*Railroads—Liability to Municipality for Cost of—Erection of Bridge—Highways.*

1.  A railroad company, whose road is built across a highway, owes the duty of restoring the same to its former condition, or in a sufficient manner as near as may be, so not to materially impair its usefulness, and this is a continuous duty.

2.  A railroad company is under no obligation to build or keep in repair a road or bridge on its right of way, unless the same is rendered necessary by the construction of the railroad.

3.  The duty of a railroad company does not end with the construction of approaches to a bridge and crossings, and keeping the same in repair. When there is a change of condition it is bound to conform to new circumstances and conditions arising in the future, in altering such places from time to time as it becomes necessary.

4. In an action brought by a municipality to recover from a railroad company a sum expended in the erection of a bridge over a stream running parallel with said railroad, and upon its right of way, said bridge being a portion of a street, this court holds that the verdict for the plaintiff is against the law and the evidence, and that the same can not stand.

[Opinion filed February 26, 1892.]

IN ERROR to the Circuit Court of Lawrence County; the Hon. W. C. JONES, Judge, presiding.

Messrs. POLLARD & WERNER, for plaintiff in error.

Messrs. FOSTER & McGAUGHEY, for defendant in error.

PHILLIPS, P. J. This is an action of assumpsit to recover for money laid out and expended for the building of a bridge across a creek which runs parallel to the track of the railroad in the town of Bridgeport. The bridge is part of a public highway which is the main street of the village, crossing the right of way of the railway company. At the time the railroad was built, in 1854, there was a bridge over the creek at the place in question. At that time, the distance from the nearest bank of the creek to the nearest rail laid on defendant's track was about thirty feet, and the track was about ten feet above the ordinary bed of the creek. The creek is entirely on the right of way of the road. From the time the railroad was constructed, the municipal authorities have maintained the bridge and the railway company have maintained the crossing on the railroad. In 1887 a new bridge was constructed by the municipality, and this action is brought to recover the cost of building the same. The railway company owes the duty of restoring existing streets or highways which the railroad crosses to their former condition, or in a sufficient manner, as near as may be, so not to materially impair their usefulness. It is a continuous duty inseparable from the enjoyment of the structure to keep that crossing in repair. I. C. R. R. Co. v. The City of Bloomington, 76 Ill. 447; The People ex rel., etc., v. The C. & A. R. R. Co., 67 Ill. 118.

O. & M. Ry. Co. v. Town of Bridgeport.

When the railroad company has complied with that duty, its obligation ceases unless there be a change of condition. It owes no duty of building or keeping in repair a road or bridge on its right of way, unless such bridge is rendered necessary by the construction of the railroad.

The evidence shows that before the construction of this railroad a bridge was necessarily constructed across the creek at substantially the point where it now is, and was a necessary structure to enable the public to travel along the highway. If the railroad was removed, it would be still a necessary structure to be kept up, to enable the public to travel that highway. The construction of the railroad, in and of itself, in no manner affected the necessity for the bridge, for that was the same before as since its construction. The fact that the bridge is on the right of way of the railroad company imposes no additional duty on the company. At the time the railroad was built, a bridge was necessarily across the stream, and from the end of the bridge an approach to the railroad track was constructed and a crossing put in on the railroad. It appears that approach to the road from the bridge was very steep, yet it was used by the public for years. A new bridge was constructed by the municipality and raised higher than the old one, and the approach to the railroad was much less steep and more convenient for the public. The duty of the railroad company did not end with the construction of the approaches and the crossing and keeping the same in repair. When there is a change of condition it is bound to conform to new circumstances and conditions arising in the future, in altering crossings and approaches from time to time, as it becomes necessary.

Finally the present bridge, for the cost of building which this recovery is sought to be had, was erected and built high enough to be almost on a level with the railroad. From almost the time the highway was laid out, a bridge across the stream was a necessity not imposed on the municipality by the construction of the railroad; hence, owing to the fact that the construction of the railroad necessitated the building of an approach from the end of the bridge, and when constructed it was steep, but still used by the public, and rendered so it

could be traveled, the railroad company had, under all the surroundings, restored the highway to its former condition, as near as may be, so as not to materially impair its usefulness. It owed no duty of constructing the bridge. The verdict of the jury finding the railroad company was liable for the cost of its construction is against the law and the evidence. The defendant asked the court to give to the jury the following instruction: "The court instructs the jury that even though you may find from the evidence that the construction of the railroad made it necessary to construct and maintain the bridge over the creek at the place in question at a higher level than before the railroad was built, that fact would not make the railroad company liable for the cost of the present bridge and approaches thereto as sued for," which the court refused to give as asked, but modified by adding : "Unless you believe from the evidence such bridge was necessary to be built in order to make approach to said crossing accessible," and gave the same as modified, to the modification of which the defendant excepted. From what has been said, that modification was erroneous.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*