## Ohio & Mississippi Ry. Co. v. Town of Bridgeport.

1. RAILROADS—*Not Required to Build Bridges over Streams at Highway Crossings.*—Section 17, of Chapter 114, R. S., requiring railroad companies to construct and maintain crossings at highways and the approaches thereto within their rights of way does not require such companies to build bridges across streams for the use of the public in crossing such streams.

2. SAME—*Crossings and Approaches.*—A crossing is that portion composing the track or roadway and approaches thereto, that is, to the railroad crossings of the highways, and is simply that prepared or made condition on each side of the crossing as will afford a safe, easy and convenient way to get to and over it on each side thereof.

3. SAME—*Notice to Construct a Crossing—Requisites.*—The notice required by Section 72, Chapter 114, R. S., to be given to a railroad company of the condition of crossings and approaches, must conform to the requirements of the statute.

Assumpsit, for moneys expended on building approaches to a highway crossing. Appeal from the Circuit Court of Lawrence County; the Hon. SILAS Z. LANDES, Judge, presiding. Heard in this court at the August term, 1895. Reversed. Opinion filed March 7, 1896.

JOHN G. DRENNAN and ANDREW J. LESTER, attorneys for appellant.

GEE & BARNES, attorneys for appellee.

MR. PRESIDING JUSTICE GREEN DELIVERED THE OPINION OF THE COURT.

The statute on which the right to recover in this case is based, provides in section 71 of chapter 114, S. & C. Rev. Stat.: " Hereafter at all railroad crossings of highways and streets in this State, the several railroad corporations in this State shall construct and maintain said crossings and the approaches thereto, within their respective rights of way, so that at all times they shall be safe as to persons and property." And in section 72: "Whenever any railroad corporation shall neglect to construct and maintain any of its crossings and approaches as provided in the foregoing section, it shall be the duty of the proper authorities, having charge of such public highways or streets, to notify, in writing, the nearest agent of said railroad corporation, of the condition of said crossings or approaches, and direct the same to be constructed, altered or repaired, in such manner as they shall deem necessary for the safety of persons and property." In section 73: "If any railroad corporation shall, after having been notified as provided in section 72, neglect, or refuse to construct, alter, or repair such crossings

or approaches, within thirty days after such notice, then said authorities shall forthwith cause such construction, alteration or repairs to be made;" and section 74 provides, the railroad corporation shall be holden for all necessary expenses in making such construction, alterations and repairs.

This court has expressed the understanding it has of the meaning to be given the words "crossings and approaches" in the opinion in Town of O'Fallon v. O. & M. Ry. Co., 45 Ill. App. 575, where it is said, a crossing is that portion composing the track or roadway and approaches thereto—that is, to the railroad crossings of the highways—and are simply that prepared or made condition on each side of the crossing as will afford a safe, easy and convenient way to get to and over it, on each side thereof. And "approaches thereto within their respective rights of way," means that in no event, as a statutory duty as to highways laid out over railroads already established, were such approaches to be extended beyond the limit of the right of way, although to make such highway passable, it might be necessary that such approaches should be extended beyond such limit.

This case was brought to this court, and is reported in 43 Ill. App. 89, and upon substantially the same facts as appear in this record. It was held that the railroad company owed no duty of constructing the bridge in question, and the verdict of the jury finding the company was liable for the costs of this construction was against the law and the evidence.

It was shown in the case at bar that on April 21, 1887, notice was served by appellee upon appellant's agent, that "the bridge over Indian creek at the crossing of the railroad, at a point where the same intersects the said highway leading from the south part of town, on Main street, is out of repair and dangerous, all said bridge being on the right of way of said railroad company, the supports of said bridge being rotten and the floor dangerous. The sills on which said supports rest are rotten and the south abutment needs rebuilding to make it safe for public use, and said board of trustees do direct that the same be rebuilt in

manner following: By *rebuilding abutments and placing over Indian creek a bridge*, with eighteen-foot roadway, with a three-foot sidewalk on each side for the accommodation of pedestrians, and the same to be constructed within thirty days from this date, as the law directs."

We have italicized portions of said notice, and the same does not notify appellant, as the statute requires, of the condition of its crossing or approaches thereto as we understand and have defined the meaning thereof, but notifies appellant a bridge is out of repair and demands that appellant rebuild it. Aside, however, from the objections to the form of this notice, and the substantial defects that appear when it is examined, this court has held as before stated, that this appellant owed no duty of constructing this bridge and was not legally liable for the cost of its construction. It is shown that before the railroad was built a bridge was constructed across Indian creek, and was a necessary structure to enable the public to travel that highway. And for many years after the railroad was built, a bridge built by the town was maintained by the municipal authorities as a part of the public highway at about the same place the bridge in question was built. And if the railroad was removed, or had never been built, a bridge across the creek would be a necessity, to be kept up in order that the public could use said highway, not imposed on the municipality by the construction of the railroad. This last mentioned bridge and the approach therefrom to appellant's track was used by the public and no complaint was made. Hence appellant had, under all the surroundings, restored the highway to its former condition, so as not to materially impair its usefulness, thus performing its statutory duty, and was not liable to pay for the building of the bridge in question.

The court erred also in modifying the following instruction on behalf of defendant: "The court instructs the jury that even though you may find from the evidence that the construction of the railroad made it necessary to construct the bridge over the creek in question, at the place in question, at a higher level than before the railroad was built,

that fact would not make the railroad company liable for the cost of the present bridge and approaches as sued for." The court refused to give this instruction as asked, but modified it by inserting the word "whole" before the word cost, which modification would authorize the recovery of a part of the cost of the bridge in question.

This same instruction was requested to be given on behalf of appellant at the former trial, but was modified by adding "unless you believe from the evidence such bridge was necessary to make approach to said crossing accessible," and this court held it was error to modify it. 43 Ill. App. 89. Two other of the instructions asked for by defendant were improperly modified by the court and for the same reason. And so in the two instructions given for plaintiff the same objection appears—that the jury are thereby instructed to allow for a part of the cost of building said bridge, or for part of the cost of building the approaches to the appellant's railway. The cost of the bridge, or a part of it, as before said, could not be legally recovered, and the notice would not justify the recovery of any of the costs for such approaches.

The verdict was for $300, which necessarily included at least a part of the cost of building the new bridge, and ought to have been set aside. For the errors indicated the judgment is reversed.