## Town of Rutland v. Chicago & Northwestern Ry. Co.

1. RAILROADS—*Liability of, for Maintenance of Bridges on Highways.*—By an agreement between a railroad company and a municipality, the channel of a creek at a point where it crossed a highway was filled up, a new channel dug, an old bridge across the original channel removed, a new bridge erected across the new channel, and the right of way of the railroad located where the original bed of the creek had been. A new bridge becoming necessary, the municipality built it and brought suit against the railroad. *Held,* that when the first bridge was constructed the railroad company had performed its duty, and was under no obligation to repair or rebuild it unless it was rendered necessary by a changed condition produced by the act of the company.

2. SAME—*Approaches to Crossings.*—The approaches to a railroad crossing do not necessarily extend the entire width of the right of way, and in this case the court does not regard the place where a bridge is located as any part of the approach to the railway crossing, and holds that the company is not bound to keep such bridge in repair.

Assumpsit, against a railroad company for money expended in building a bridge. Appeal from the Circuit Court of Knox County; the Hon. HENRY B. WILLIS, Judge, presiding. Heard in this court at the May term, 1897. Affirmed. Opinion filed September 20, 1897.

IRWIN & EGAN and J. W. RANSTEAD, attorneys for appellant.

BOTSFORD, WAYNE & BOTSFORD, attorneys for appellee.

MR. PRESIDING JUSTICE CRABTREE DELIVERED THE OPINION OF THE COURT.

Appellant sued appellee, to recover for a part of the costs incurred in rebuilding a bridge over Tyler creek, in Kane county, at a point on the highway leading over, and near to, the railway track of appellee in said town of Rutland. The declaration, as originally filed, declared upon a contract alleged to have been made between appellee and appellant to jointly maintain the bridge in question. By an amended declaration subsequently filed, the theory of liability under a contract was abandoned, and appellant set up the statutory duty of the company to repay a proportionate share of the expense for rebuilding the bridge, on the ground, as claimed, that a part of the bridge being within appellee's right of way, it constituted an "approach" to the crossing of the railway, which appellee was bound to maintain and keep in repair. The action seems to have been based on sections 71 to 74 (inclusive) of Chap. 114 of the Revised Statutes (2 Starr & Curtis, 1837).

The cause was tried by the court without a jury, the issues found for appellee, and judgment rendered against appellant for costs. It brings the case to this court by appeal, and asks a reversal of the judgment on the sole ground that it should have been in its favor instead of in appellee's favor. No propositions of law were submitted to the court below, and consequently none are saved in the record.

The facts, as shown by the evidence, appear to be that prior to the construction of appellee's railroad, Tyler creek crossed the highway in question, about the point where the center of the railroad track now crosses the highway, and at that point there was a highway bridge across the creek. By some arrangement between the town and the railroad company (the terms of which do not clearly appear), the old

channel was filled up at this point of intersection, and a new channel dug a little east of the old channel; the old bridge was removed, and a new bridge erected across the creek as changed to its new location, and the railroad was located about at the point where the original bed of the creek had been. The railroad company paid a part of the expense of building the new bridge. The right of way of appellee at this point where the bridge crosses the creek, is one hundred feet in width, or fifty feet on each side of the center line of the track as now located. Measuring fifty feet easterly along the highway shows that eighteen feet and ten inches of the bridge are within the railroad company's right of way.

The bridge having become worn out and unfit for use, a new one became necessary, and appellant thereupon served a notice on appellee to contribute to the rebuilding of the bridge, and sixty days thereafter erected a new bridge at a cost of $275 for the bridge and $15 for grading, and brought this suit to recover such cost, or the proportional part for that portion which is upon the right of way.

It does not appear that any contract is now in force requiring appellee to contribute to the expense of maintaining the bridge in question, and if there is any liability, it must be upon the ground that the portion of this bridge which is in the right of way constitutes an "approach" to the railroad track, which, under the statute, appellee is bound to maintain and keep in repair. Counsel for appellant in their argument say: "The only question in this case is, is said bridge a part of the approach to the crossing within the meaning of the statute?" No complaint seems to be made of the approach from the west end of the bridge to the track, and hence it seems to us the only question is, can the railroad company be held liable in this action for the payment of any part of the costs of rebuilding this bridge, as a bridge, and not as a mere approach to the crossing of the track? It is earnestly urged by appellant, that this bridge was made necessary by the construction of the railroad, and therefore in order to restore the highway to its original

state of usefulness, appellee must erect and maintain the bridge. But it must be admitted that there was a bridge across the creek near the point before the building of the railroad, and if the railroad had never been constructed, such a bridge would still have been necessary. It is true that by filling up the original channel and cutting the new one, a bridge was rendered necessary at the precise point where now located, but this was done by the consent of appellant, and it must be presumed that the arrangement was satisfactory to it at the time, and in the absence of any evidence as to a contract for further liability on account of the change in the channel, it must be concluded that all matters in relation thereto were satisfactorily adjusted.

By the building of the bridge across the new channel when the railroad was constructed, appellee had performed its statutory duty of restoring the highway to its former condition, so as not to materially impair its usefulness, and there its obligation ended. No duty developed upon it of thereafter maintaining the bridge unless it was rendered necessary by some changed conditions produced by the act of appellee. We think this case falls within the principles laid down by the court in O. M. Ry. Co. v. Town of Bridgeport, 43 Ill. App. 89, and in the same case reported in 63 Ill. App. 224, and must be governed by the decisions in that case, which have our entire concurrence.

Within the definitions given in the above case, and also in City of Bloomington v. I. C. R. R. Co., 154 Ill. 539, we do not regard the place where the bridge in question is located, as any part of the " approach " to the railroad crossing, and under the evidence the railroad company was not bound to maintain or keep it in repair, and hence is not liable for any part of the costs of rebuilding it.

We think the judgment of the court below was right and it will be affirmed.